UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JEANTRELL S. PIERSON** | **CIVIL ACTION NO. 6:18-cv-0104** |
| **VS.** | **SECTION P** |
| | **UNASSIGNED DISTRICT JUDGE** |
| **WARDEN KATHY FOTENOT** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Pro se petitioner Jeantrell S. Pierson filed the instant petition for habeas corpus pursuant to 28 U.S.C. §2241 on January 24, 2018. Petitioner is a detainee in custody at the Lafayette Parish Correctional Center. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE.**

### *Statement of the Case*

On or about October 27, 2017, petitioner was booked into the Lafayette Parish Correctional Center on charges of taking contraband to or from a penal institution and for violating parole. *See* Rec. Doc. 1; *see also* http://jades.lafayettesheriff.com:8888/index2.php?nav=record&id=796380. On December 20, 2017, he was charged with 2nd Degree Murder and held on a $250,000

bond. *Id.* He argues that he was charged only to be held on a $250,000 bond, that he is one of the numerous suspects to be charged, that the witnesses are not credible, and that there is a lack of evidence. He asks this Court to "exempt [his] bond of $250,000 and reduce it to $0." [Rec. Doc. 1]

While he submitted a copy of a "Motion to Quash" to this Court on March 5, 2018, presumably filed in the Fifteenth Judicial District Court, it is unknown whether that court has ruled on petitioner's motion [Rec. Doc. 2]. Moreover, petitioner admits that he has not appealed any issues to the Louisiana Third Circuit Court of Appeal or the Louisiana Supreme Court. Rec. Doc. 1 at p. 7, ¶ 14.

## *Law and Analysis*

### *1. Exhaustion Requirement*

Petitioner is a pre-trial detainee challenging pending Louisiana state court criminal prosecutions. His *habeas* petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987)("Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody

regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'"); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Petitioner admits that he has not exhausted State court remedies. [Rec. Doc. 1 at p. 7, ¶ 14.] Accordingly, it is clear that he did not seek supervisory review in the Louisiana Supreme Court prior to filing his federal petition and therefore petitioner has not exhausted available State court remedies. He is not entitled to proceed herein until and unless he can establish either exhaustion or the absence of any State corrective process. His failure to seek relief in the appropriate manner in the appropriate forum does not establish either.

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition (28 U.S.C. §2241) be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust

available State court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[1] A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Lafayette, Louisiana, March 12, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[1] Should petitioner object to this Report and Recommendation, he should provide evidence to establish his claim that State court remedies are unavailable.